UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DENNIS PURNELL, AKA SCOTT J. MOSLEY<br>FED. REG. NO. 40677-004<br>VS.<br><br>JOE KEFFER, WARDEN | CIVIL ACTION NO. 08-0590<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Pro se petitioner Dennis Purnell, proceeding in forma pauperis, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on April 29, 2008. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving concurrent and consecutive sentences totaling 276 months imposed following his 1997 felony convictions in the United States District Court for the Southern District of Florida. He attacks those convictions arguing (1) double jeopardy;(2) inconsistent verdict; and, (3) actual innocence. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

On August 20, 1997 petitioner was convicted of firearms and

drug charges[1] in the United States District Court for the Southern District of Florida. On December 4, 1997 he was ordered to serve sentences totaling 276 months in the custody of the BOP. <u>United States of America v. Dennis Purnell</u>, No. 9:96-cr-08050.

He appealed. On February 25, 1999, his convictions and sentences were affirmed by the Eleventh Circuit Court of Appeals in an unpublished opinion. <u>United States v. Purnell</u>, 174 F.3d 202 (11th Cir. 1999)(unpublished). His application for *certiorari* was denied by the Supreme Court on October 4 ,1999. <u>Purnell v. United States</u>, 528 U.S. 895, 120 S.Ct. 225, 145 L.Ed.2d 189 (1999).

On May 11, 2005 petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 in the United States District Court for the Southern District of Florida. It was dismissed as time-barred November 21, 2005. See <u>Dennis C. Purnell v. United States</u>, 9:05-cv-80409. Petitioner's request for a Certificate of Appealability (COA) was denied by the Eleventh Circuit Court of Appeals in May 2006. <u>Purnell v. U.S.A.</u>, No. 06-10676-G. His motion for reconsideration was also denied.

On June 19, 2006 petitioner filed another *pro se* Motion to Vacate pursuant to §2255 in the Southern District of Florida. This motion was dismissed as second and successive. <u>Purnell v.

---

[1] Petitioner was convicted of being a felon in possession of a firearm (18 U.S.C. §922(g)); of possessing cocaine with the intent to distribute (18 U.S.C. §841)); and, using a firearm during and in relation to a drug trafficking offense (18 U.S.C. §924(c)).

2

United States, 0:06-cv-60876.

Petitioner filed the instant petition for *habeas corpus* on April 29, 2008. As noted above, petitioner argues that (1) his convictions violate the prohibition against double jeopardy in that they subject him to multiple punishments based on the same evidence and the same course of conduct; (2) the verdicts were inconsistent; and (3) actual innocence.

### *Law and Analysis*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Here, petitioner collaterally attacks his convictions. Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must

3

establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. Tran v. Conner, 275 F.3d 1081 (5th Cir. 2001).

4

Accordingly,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims. Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Alexandria, Louisiana, _____, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE